# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 400 - 1 | **DATE** | 1/2/2003 |
| **CASE TITLE** | | UNITED STATES vs. PHILLIP J. COZZO | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  **Motion (49-1) to dismiss is denied. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

JAN 7 – 2003
date docketed

docketing deputy initials

date mailed notice

DW  courtroom deputy's initials

U.S. DISTRICT COURT
CLERK

03 JAN -6 PM 6: 17

FILED

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

90

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



UNITED STATES OF AMERICA,

    Plaintiff,

    v.

PHILLIP J. COZZO et al.,

    Defendants.

No. 02 CR 400 — 1
Judge James B. Zagel

## **MEMORANDUM OPINION AND ORDER**

Defendant Cozzo has moved to dismiss the indictment on the ground that all of the offenses for which he is charged were completed outside the limitations period thus requiring dismissal. Defendants Shlifka, Useni, and Trombetta adopt his motion but offer no additional briefing. The government maintains that defendants' legal responsibility continued well into the statutory period from their own direct conduct, their receipt of illegal proceeds provided to them by other defendants, their involvement in the conspiracy or scheme from which they did not withdraw, and/or from conduct of others attributable to them because it was done in furtherance of the conspiracy of which they were a member and from which they did not withdraw.

Under 18 U.S.C. § 3282, an indictment for a non-capital offense must be brought within five years "after such offense shall have been committed." An offense is "committed" for purposes of § 3283 when it is "completed . . . , that is, when each element of that offense has occurred." *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999). Defendants claim that this statute and *United States v. Anderson*, 188 F.3d 886 (7th Cir. 1999), necessitate dismissal of the indictment because the offenses for which they have been charged were all completed outside the limitations period. Defendants fail to acknowledge the exception for "continuing offenses."

*90*

*Toussie v. United States*, 397 U.S. 112, 114 (1970). Under the "continuing offense doctrine," if the offense is continuous, then the practical effect of its on-going nature is to extend the statute "beyond its stated term." *Id.*

Unlike the indictment in *Anderson*, the one here specifically charges the defendants with multiple conspiracies that lasted several years. Count One alleges RICO conspiracy; Count Ten alleges money laundering conspiracy; and Count Twenty-Five alleges a "Klein conspiracy." It is well-established that a conspiracy is a continuing offense. *Yashar*, 166 F.3d at 875 ("[t]he classic example of a continuing offense is a conspiracy"). As such an offense, a conspiracy continues for statute-of-limitation purposes so long as any action is taken in furtherance of the conspiracy. *See United States v. Vivit*, 214 F.3d 908, 918 (7th Cir. 2000). The duration of a conspiracy depends on the scope of the agreement between its members, and the government is not required to prove any overt acts with regard to a particular defendant within the limitations period, but only that the conspiracy existed into the limitations period and that the defendants did not withdraw before that period. *Grunewald v. United States*, 353 U.S. 391, 396-97 (1957); *United States v. Curry*, 977 F.2d 1042, 1058 (7th Cir. 1992). In extensive conspiracies such as those charged in this case, it is immaterial that each co-conspirator did not participate in all the activities or even know all the details of each conspiracy so long as "the results fall within the common purposes of the conspiracy," and the conspirators "knowingly contributed towards its furtherance." *United States v. Fitzgerald*, 579 F.2d 1014, 1018-19 (7th Cir. 1978) (prosecution of defendants not barred by statute of limitations even though they ceased active participation in the conspiracy in the seven years before the indictment).

2

Here, the government claims that it will be able to establish that each of the defendants was a member of the conspiracies and that the conspiracies continued well into the limitations period. The government has alleged that the defendants were the architects of these conspiracies from or near their beginning. If this is true, then they become criminally responsible not only for the acts of the conspiracy in which they personally participated, but also for the all the acts of their co-conspirators undertaken in furtherance of the conspiracy and reasonably foreseeable to them. *Pinkerton v. United States*, 328 U.S. 640 (1946); *United States v. Doyle*, 121 F.3d 1078, 1091 (7th Cir. 1997). Finally, the burden is on each defendant to show that he had withdrawn from the conspiracy, and none has met this burden.[1] *See United States v. Hall*, 212 F.3d 1016, 1022-23 (7th Cir. 2002); *United States v. Pandiello*, 184 F.3d 682, 687 (7th Cir. 1999) ("In addition to the termination of the defendant's active role in the conspiracy . . . withdrawal requires an affirmative act to defeat or disavow the purpose of the conspiracy . . .").

Count Two alleges that defendants violated 18 U.S.C. § 1955 by engaging in an illegal gambling enterprise. Conducting an illegal gambling enterprise necessarily includes conspiring to conduct an illegal gambling enterprise, and thus a § 1955 violation is also a continuing offense. *See United States v. Jeffers*, 532 F.2d 1101, 1108-09 (7th Cir. 1976) ("[i]f it is proven that a person managed, supervised or directed, along with five other people an illegal gambling business, certainly, it has also been proven that he conspired to run an illegal gambling business"). Accordingly, when a conspiracy to operate an illegal gambling business continues into a statutory period, the statute of limitations does not bar prosecution of offenses committed

---

[1] Cozzo has not done so to the extent that he claims that his "role changed" in May 1996 and that his alleged activities in the day-to-day operation of the bingo hall ended almost six years before the return of the indictment.

prior to the statutory period. *See United States v. Giovanetti*, 919 F.2d 1223, 1229 (7th Cir. 1990) (illegal gambling conspiracy operated from 1978 through 1987 and thus continued into statutory period). Here, the government alleges that the illegal gambling operation began in 1992 and continued through at least 1999 and that defendants were architects of the operation. This illegal gambling enterprise allegation certainly qualifies as a continuous offense for the purposes of the statute of limitations, and therefore the statute of limitations does not bar prosecution.

Finally, I reject defendants' argument against the mail fraud counts because, as the government alleges and as defendant Cozzo's own motion acknowledges, all the charged mailings occurred within five years of the indictment.

For the foregoing reasons, Defendant Cozzo's Motion to Dismiss the Indictment is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 2 Jun 2003

4